IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL PATRICK SHAFER, ) | |
|     PETITIONER, ) | |
| ) | |
| v. ) | No. 3:04-CV-322-M |
| ) | |
| DOUGLAS DRETKE, DIRECTOR, ) | |
| TEXAS DEPARTMENT OF CRIMINAL ) | |
| JUSTICE, CORRECTIONAL ) | |
| INSTITUTIONS DIVISION, ) | |
|     RESPONDENT. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

**Parties**

Petitioner Michael Patrick Shafer ("Petitioner") is an inmate in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke ("Dretke"), Director of TDCJ-CID.

**Factual and Procedural History**

As recited by the state court of appeals, the facts of the underlying offense are as follows:

> [Shafer] was a friend of [S.F.'s] ex-husband. In late 1997 and early 1998, [Shafer] saw [S.F.] socially on at least two occasions. In February, [S.F.] told [Shafer] he could stay with her for a few days because [Shafer] had lost his room at a half-way house by not returning one night. On February 15, the two collected [Shafer's] personal belongings and [Shafer] moved in.
>
> According to [S.F.], the night [Shafer] moved into her residence, he raped her. [S.F.] also claimed that after the sexual assault, she attempted to call the police, but [Shafer] prevented her from doing so by hitting her in the mouth with his fist and threatening her.

>       Early in the morning of February 16, [S.F.] went to a hospital emergency room, accompanied by [Shafer], and was treated for injuries to her mouth. She told emergency personnel at the hospital that she had tripped and hit her mouth on a dryer. Shortly thereafter, she also sought treatment from a dentist for the injuries. She again stated that the injuries had occurred when she tripped and fell. Two days later, on February 18, [S.F.] reported the rape to the police. A friend of [Shafer's] also testified that [S.F.] told her she was raped by [Shafer].
>
>       [Shafer] denied that he had raped [S.F.]. [Shafer's] theory of the case was that [S.F.] fabricated her story because [Shafer] had taken her car and because he had threatened to report her to child protective services. [Shafer] did not assert consent as a defense. In addition to the medical personnel who testified, two other witnesses acquainted with [Shafer] and [S.F.] testified that [S.F.] had told them she had hurt herself in a fall.

*Shafer v. State*, No. 5-99-048-CR, 2000 WL 1711884, at *1 (Tex. App.—Dallas Nov. 14, 2000, pet. ref'd) (not designated for publication).

A jury found Shafer guilty of sexual assault and assessed his punishment at 35 years' confinement.[1] (C.R. at 80-82.) The Fifth District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Shafer's petition for discretionary review on June 20, 2001. *Id.*

Shafer challenged his conviction in a state application for habeas corpus relief which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court after a hearing. *Ex parte Shafer*, No. 54,577-03 (Tex. Crim. App. Feb. 11, 2004) (not designated for publication).[2] Shafer filed his federal petition for writ of habeas corpus, through counsel, in the

---

[1]Although the judgment indicates that the trial court determined Shafer's punishment, the jury assessed the 35-year sentence. (C.R. at 80, 82.)

[2]Although Shafer's first two state habeas applications also challenged his sexual-assault conviction, the Court of Criminal Appeals dismissed them for noncompliance and returned them to Shafer. *Ex parte Shafer*, Nos. 54,577-01 & -02 (Tex. Crim. App. Jan. 15, 2003 & Mar. 26, 2003) (not designated for publication); *see* TEX. R. APP. P. 73.2.

2

United States District Court for the Northern District of Texas, Dallas Division, on February 13, 2004.

## Issues

Shafer raises three issues:

1. He is actually innocent based on newly-discovered evidence;

2. Because of his severe hearing loss, he was denied the right to confront the witnesses against him and aid in his defense; and

3. Trial counsel was ineffective because he labored under a conflict of interest.

## Exhaustion of State Court Remedies

Dretke believes Shafer has sufficiently exhausted available state remedies on all issues presented and, thus, does not move for dismissal on this ground.

## Standard of Review

Under the terms of 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable

application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## **Actual Innocence**

On state habeas review, S.F.'s ex-husband Edward Cardenas testified that S.F. told him that the sexual assault had not occurred and that she had lied. Shafer points to this "newly-discovered" evidence as proof that he is actually innocent. (Federal Pet. at 7; Pet'r. Br. at 4-6, 8-9.) Indeed, at the trial court's hearing on state habeas review, Cardenas testified that, in early July 2000 and during a conversation about the lack of communication in their relationship, S.F. told Cardenas that Shafer had not raped her. (Habeas R.R. at 44-50.) The trial court, however, found that Cardenas was not credible. (1/20/2004 Findings of Fact.) The Court of Criminal Appeals denied Shafer's habeas application based on these findings.

Actual innocence based on new evidence relevant to the guilt of a state prisoner is not cognizable on federal habeas corpus absent an independent constitutional violation occurring in the state trial. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Jacobs v. Scott*, 31 F.3d 1319, 1324 (5th

4

Cir. 1994), *cert. denied*, 513 U.S. 1067 (1995). However, this exception does not apply to "freestanding" actual-innocence claims, but only applies when actual innocence *supplements* an otherwise barred constitutional claim. *Herrera*, 506 U.S. at 404-05; *Lucas v. Johnson*, 132 F.3d 1069, 1074-75 (5th Cir.), *cert. dismissed*, 524 U.S. 965 (1998). An independent actual-innocence claim is properly raised in either the state habeas process or in the executive clemency process. *Robinson v. Johnson*, 151 F.3d 256, 267 n.7 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999); *Lucas*, 132 F.3d at 1075. Shafer's argument that *Herrera* is distinguishable and inapplicable is not well-founded; thus, Shafer's independent actual-innocence claim is not cognizable. (Pet'r. Reply at 1.)

### Hearing Loss and Due Process

Shafer contends that the trial court refused to accommodate him even though he had a severe hearing loss that deprived him of the right to confront adverse witnesses and the right to aid in his defense. (Federal Pet. at 7; Pet'r. Br. at 6-7, 10-13.) On state habeas review and in this Court, Shafer provided medical evidence showing that he had a "severe" hearing loss in his right ear and a "moderate to a profound" loss in his left ear. (3 State Habeas R. at 22-25; Pet'r. Br. at Ex. B.) There is no indication in the trial record that Shafer brought his hearing problem to the trial court's attention or that Shafer was having trouble hearing the proceedings. *See, e.g.,* TEX. CODE CRIM. PROC. ANN. art. 38.31 (Vernon 2005) (providing procedures for interpreters for deaf defendants upon notification of the problem by a party).

The Due Process Clause guarantees "the right to a fair opportunity to defend against the State's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). It encompasses both the right of a defendant to confront witnesses against him and his right to assist in his own defense. U.S.

CONST. amends. VI, XIV; *Chambers*, 410 U.S. at 295; *Pointer v. Texas*, 380 U.S. 400, 404 (1965). But it does not guarantee a perfect trial, only a fair one. *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986). With hearing-impaired defendants, a defendant's failure to object or otherwise request relief does not waive his confrontation right if it is otherwise apparent he cannot hear or understand the proceedings. *Lincoln v. State*, 999 S.W.2d 806, 809-10 (Tex. App.—Austin 1999, no pet.); *Adams v. State*, 749 S.W.2d 635, 638-39 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd).

As stated previously, the record contains no indication that Shafer could not hear the proceedings or that the trial court was aware in any way that Shafer had a hearing impairment.[3] Further, Shafer has failed to indicate what portions of the trial were compromised by his inability to hear. Interestingly, Shafer was able to respond to the trial court when the trial court requested his plea and after he was sentenced. (4 R.R. at 22; 7 R.R. at 112-15.) Shafer's eleventh-hour assertion that his hearing loss affected his rights to a fair trial is, at best, suspect. *E.g., Salazar v. State*, 93 S.W.3d 339, 341 (Tex. App.—Texarkana 2002, pet. dism'd).

### Trial Counsel Conflict

Shafer argues that counsel was unable to adequately defend him because he previously represented S.F. when she was charged with burglary in 1991, which prevented him from impeaching her credibility with that charge. (Federal Pet. at 8; Pet'r. Br. at 7, 13-16.) The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. This right includes the right to a conflict-free attorney. *Strickland v. Washington*, 466 U.S. 668, 692 (1984). To show an unconstitutional conflict of interest, Shafer must show that an

---

[3]The trial court was aware on habeas review that Shafer was hearing impaired, but nothing indicates that the trial court knew earlier during his guilt-innocence or punishment trials. (Habeas R.R. at 5.) Further, there is nothing in the record to support Shafer's assertion that "the state courts refused to hold a hearing on this matter." (Pet'r. Reply at 2.)

actual conflict adversely affected his lawyer's performance and that counsel actively represented conflicting interests. *Cuyler v. Sullivan*, 446 U.S. 335, 348-50 (1980). A showing of the "possibility of a conflict of interest" is not sufficient to overturn a criminal conviction; thus, Shafer must establish that an actual conflict existed and counsel actively represented conflicting interests to make out an ineffective-assistance claim. *Id.* at 350; *Perillo v. Johnson*, 79 F.3d 441, 447 (5th Cir. 1996). An actual conflict "exists when an attorney represents two clients whose interests in the outcome of the matter are different." *Perillo*, 79 F.3d at 447. Once an actual conflict is shown, prejudice is presumed. *Cuyler*, 446 U.S. at 350; *Beets v. Scott*, 65 F.3d 1258, 1269 (5th Cir. 1995) (en banc), *cert. denied*, 517 U.S. 1157 (1996). While *Strickland* requires a showing of actual prejudice, that is, that the results of the trial probably would have been different, *United States v. Grieg*, 967 F.2d 1019, 1024 (5thCir. 1992), *Cuyler* merely requires that the petitioner show "adverse effect," a lower threshold.[4] To prove adverse effect, a petitioner must show that counsel's judgment was fettered by torn loyalties. *Perillo*, 79 F.3d at 448-49.

First, there is no evidence in the record that S.F. was ever charged with burglary in 1991 or that counsel represented her at that time. Such an unsupported allegation cannot result in habeas relief. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (per curiam); *Payne v. Cockrell*, No. 4:00-CV-1811-Y, 2001 WL 1343433, at *8 (N.D. Tex. Oct. 30, 2001). Second, counsel extensively questioned S.F. about her version of events, how she had initially lied about how she was injured, how she continued to see Shafer after the assault, and how she was angry with Shafer because he took her car. (5 R.R. at 61-129.) During closing arguments, counsel strongly argued S.F. was not

---

[4] Even though Shafer's conflict-of-interest claim involves alleged successive representation and not multiple representation, this Court will assume, without deciding, that the more lenient *Cuyler* standard applies instead of the more stringent *Strickland* standard. *Mickens v. Taylor*, 535 U.S. 162, 176 (2002); *United States v. Infante*, 404 F.3d 376, 391 n.12 (5th Cir. 2005).

7

credible and that she wanted revenge on Shafer. (6 R.R. at 113-43.) The record shows that counsel thoroughly questioned S.F.'s credibility; thus, there was no adverse effect.

## Summary

Shafer is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination that Shafer was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

SIGNED July 12, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTION FOR SERVICE
## AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objection within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusion, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE